# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENDA EATON,** | : | No. 3:09cv414 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **CITIBANK (SOUTH DAKOTA), N.A.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendant's motion for judgment on the pleadings. (Doc. 26). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises from a credit card issued to the plaintiff by Defendant Citibank (South Dakota), N.A. ("Citibank"). According to plaintiff's second amended complaint, from 2006 until the filing of the amended complaint in September 2009, Citibank attempted to collect from plaintiff a debt owed on a credit card. (Amended Complt. (Doc. 20) at ¶ 8). Plaintiff disputed the amount owed Citibank, contending that the charges were "excessive." (Id. at ¶ 9). On October 28, 2006, plaintiff sent defendant "an accord and satisfaction letter" and a "settlement check." (Id. at ¶ 10). She alleges that this payment was "in lieu of settlement of the account." (Id.). Defendant accepted and cashed that check. (Id. at ¶ 11). Plaintiff insists that defendant accepted the check as payment in full for the account by cashing her check, and that under Pennsylvania law she is no longer indebted to the defendant.

(Id. at ¶¶ 12, 16-19).

Plaintiff's attorney sent defendant a letter on February 15, 2007. (Id. at ¶ 20). This letter informed defendant that plaintiff's account had been settled in full and demanded that defendant correct plaintiff's credit report to reflect that fact. (Id. at ¶ 20). Defendant received and acknowledged that letter. (Id. at ¶ 21). Despite this letter, defendant refused to correct plaintiff's credit report to reflect satisfaction of the debt. (Id. at ¶ 22). Defendant wrote plaintiff on March 3, 2007 to reflect this fact. (Id. at ¶ 23). Plaintiff contends that defendant continues to refuse to correct her credit report, and continues to make erroneous reports to the credit bureaus. (Id. at ¶ 25).

Plaintiff's complaint contains two counts. Count I alleges that defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by continuing to report plaintiff's debt to credit report agencies after she allegedly satisfied it. Count II contends that defendant engaged in an unlawful attempt to collect a debt by continuing to report plaintiff's account as delinquent to credit reporting agencies. Such actions allegedly violated the Pennsylvania Unfair Trade and Consumer Protection Act, 73 P.S. § 201, and the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.

Defendant filed an answer and counterclaim on October 19, 2009. (See Doc. 24). The counterclaim alleges that plaintiff's claim arises from a Sears MasterCard credit card issued in plaintiff's name. (Id. at Counterclaim ¶ 2). Plaintiff used the

2

account, agreeing to pay for amounts charged on the account and interest and finance charges. (Id. at ¶ 3). Defendant alleges that Eaton breached the card agreement by not paying the account pursuant to the card agreement's terms. (Id. at ¶ 4). Defendant contends that plaintiff owed $6,842.53 on the account as of September 30, 2009. (Id. at ¶ 6). Defendant's counterclaim seeks payment of this allegedly delinquent amount, plus costs, interest and attorney's fees. (Id. at ¶ 7). Plaintiff admits that the Sears MasterCard is the subject of this dispute. (Plaintiff's Answer to Counterclaim (Doc. 24) at ¶ 2). She contends, however, that defendant breached the credit-card contract by charging fees and raising interest rates in a manner not specified by the agreement. (Id. at ¶ 3-4). She thus denies the amount defendant claims she owes on the card. (Id. at ¶ 5).

Defendant filed the instant motion for judgment on the pleadings on November 6, 2009. (See Doc. 26). Defendant seeks an order dismissing plaintiff's case against it, as well as judgment on Citibank's counterclaim and attorney's fees and costs. The parties then briefed the motion, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings her claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681. As such, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) ("In any

3

civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Defendant has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). That rule provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Under Rule 12(c), like Rule 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted), judgment will not be granted:

> unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial."

Society Hill Civic Association v. Harris, 632 F.2d 1045, (3d Cir. 1980) (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure, § 1368, at 690 (1969); see also, Sikirica v. Nationwide Insurance Co., 416 F.3d 214, 220 (3d Cir. 2005) (finding that under Rule 12(c) "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.").

**Discussion**

The defendant seeks both dismissal of plaintiff's claims and judgment on its counterclaim. The court will address both matters in turn.

**a. Plaintiff's Claim**

Defendant argues that plaintiff's claim must be dismissed because the card agreement between the parties contains a provision that allows Citibank to accept payments marked, as the payment here was, as payment in full for the debt incurred under the card. This provision, the defendant claims, means that Citibank can cash a check like the one plaintiff supplied without losing its right to seek full payment on the account.

The basis of the defendant's motion is the card agreement that allegedly existed between the parties. Defendant provides a copy of this agreement as Exhibit A to its brief in support of the motion. That agreement establishes that Citibank "can accept late or partial payments, as well as payments that reflect "paid in full" or other restrictive endorsements, without losing any of our rights under this Agreement." (Card Agreement, Exh. A to Plaintiff's Brief (Doc. 27) at "Payments"). As such, defendant argues that it could not and did not waive its right to collect on the debt by cashing plaintiff's check, which was offered as full payment for the amount owed. Defendant does not supply any information by which the court could conclude, however, that the document supplied in defendant's motion represents the actual agreement between the parties. Plaintiff claims that it does not. A question of

5

material fact therefore exits as to whether the agreement supplied by the plaintiff applies to the parties. At this early stage of the litigation, the court cannot find that plaintiff could not prevail on her claims. The parties must engage in discovery to establish the terms of their agreement. The issue raised here may be more appropriately addressed at the summary judgment stage. Accordingly, the court will deny the defendant's motion at this point.

### b. Counterclaim

The defendant insists that plaintiff admits that she has not made a payment on her account since October 2006 and that the account is now delinquent and past due with an outstanding balance of $6,842.53. Since defendant cannot maintain that her account was settled and her debt discharged by sending a letter stating that her payment was satisfaction for the account in full, she is responsible for the entire amount due and judgment for that amount must be granted Citibank on the counterclaim.

The court finds that there are questions of material fact which prevent granting judgment pursuant to Rule 12(c) on defendant's counterclaim. To prevail on a breach of contract claim in Pennsylvania, a plaintiff must prove three elements: "[(1)] the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." Omicron Systems v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004) (quoting J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)). First, defendant has

presented no evidence–simply its assertions–of the amount plaintiff owes on the card issued her. Plaintiff has denied that she owes this amount, and nothing in the pleadings demonstrates conclusively the amount owed. Moreover, plaintiff insists that defendant improperly assessed finance charges on the account. Thus, even if plaintiff cannot contend that she has satisfied her debt, she can still assert that she does not owe the amounts that defendant alleges in its counterclaim, or that the charges have been laid contrary to the agreement between the parties and she has no obligation to pay them. The pleadings before the court do not establish that there are no questions of material fact on this issue, and the court will deny the motion on this point. Such questions are better left for the close of discovery on the counterclaim, at which point a motion for summary judgment may be appropriate.

**Conclusion**

For the reasons stated above, the court will deny the defendant's motion for judgment on the pleadings. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA EATON, | : | No. 3:09cv414 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| CITIBANK (SOUTH DAKOTA), N.A., | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 15th day of March 2010, the defendant's motion for judgment on the pleadings (Doc. 26) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT**